[Cite as *Phoenix Fin. Solutions, Inc. v. Jackson*, 2013-Ohio-5280.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PHOENIX FINANCIAL SOLUTIONS, INC. AND ASSIGNEE OF: DUTRO USED CARS, INC. | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2013-0019 |
| | : | |
| ANGELA M. JACKSON | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Muskingum County
                              Court, case no. CVF-1300014


JUDGMENT:                     REVERSED & REMANDED



DATE OF JUDGMENT ENTRY:       November 19, 2013



APPEARANCES:

For Plaintiff-Appellant:                For Defendant-Appellee:

JAMES L. BLUNT                          ANGELA JACKSON, pro se
445 Longview Ave.                       362 Mead St.
Mansfield, OH 44903                     Zanesville, OH 43701

*Delaney, J.*

{¶1}   Appellant Phoenix Financial Solutions, Inc., an Assignee of: Dutro Used Cars, Inc., hereby appeals from the March 18, 2013 Consent Judgment Entry entered in the Muskingum County Court.   Appellee Angela Jackson is pro se and did not file a brief.

{¶2}   This case is factually and procedurally similar to Phoenix Financial Solutions, Inc., an Assignee of: Dutro Used Cars, Inc. v. Nichols, 5th Dist. Muskingum No. CT2013-0013, which is decided upon the same rationale as the instant case.

## FACTS AND PROCEDURAL HISTORY

{¶3}   Appellee bought a car from Dutro Used Cars, Inc. and signed a promissory note with interest at a rate of 21.0% and then failed to remit the payments as required by the promissory note.   The debt was assigned to appellant on October 17th, 2012, and appellant filed a complaint in the Muskingum County Court on January 8, 2013 for the deficiency balance, requesting the contractual rate of interest from the date of sale of the repossessed vehicle.

{¶4}   Appellee was duly served and appellant filed a motion for summary judgment.   The parties agreed to a Consent Judgment Entry specifying a payment plan of monthly payments of $75.00, a principle amount of $2,069.55, plus a contractual interest rate of 21.0% per annum from September 24, 2012, plus the costs of bringing and maintaining the action.

{¶5}   On March 18, 2013, the trial court granted a Consent Judgment Entry against appellee, but *sua sponte* reduced the interest rate in the entry from the agreed-upon contractual rate to the "statutory rate."

{¶6}   Appellant now appeals from the March 18, 2013 Consent Judgment Entry of the trial court.

{¶7}   Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶8}   "I. THE TRIAL COURT ERRED BY FAILING TO GRANT PLAINTIFF THE CONTRACTUAL RATE OF INTEREST, PURSUANT TO OHIO REVISED CODE 1343.03, AS AGREED TO BY DEFENDANT ON A CONSENT TO JUDGMENT."

## ANALYSIS

{¶1}   Appellant argues the trial court improperly entered judgment including the statutory interest rate instead of the contractual interest rate.  In light of our decision in *Dutro Used Cars, Inc. v. Spohn*, 5th Dist. Muskingum No. CT08-0047, 2009-Ohio-2912, we agree, and therefore we reverse the judgment of the trial court.

{¶2}   Appellant argues the trial court improperly reduced the interest rate from the contractual rate of 21.0% to the statutory rate.  Ohio Revised Code Section 1343.03 states in pertinent part:

> (A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum

determined pursuant to section 5703.47 of the Revised Code, *unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.* Notification of the interest rate per annum shall be provided pursuant to sections 319.19, 1901.313, 1907.202, 2303.25, and 5703.47 of the Revised Code. (Emphasis added.)

{¶3} As we stated above, we have previously held when a written contract contains a legal rate of interest then the rate should be applied to the judgment. *Dutro Used Cars, Inc.*, supra, 2009-Ohio-2912, ¶ 9, citing *Amer. Gen. Fin., Inc. v. Bauer*, 5th Dist. Delaware No. 00CAG08023, unreported, 2001 WL 498508 (May 4, 2001).

## CONCLUSION

{¶4}   We therefore sustain appellant's sole assignment of error.  The judgment of the Muskingum County Court is reversed and this matter is remanded for further proceedings in accord with this opinion.

By:  Delaney, J. and

Hoffman, P.J.

Farmer, J., concur.

 

HON. PATRICIA A. DELANEY

 

HON. WILLIAM B. HOFFMAN

 

HON. SHEILA G. FARMER